# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PETER POE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GENTNER DRUMMOND, et al.,<br><br>    Defendants. | Case No. 4:23-cv-00177-JFH-SH |

**MOTION OF AMERICAN ACADEMY OF PEDIATRICS AND ADDITIONAL NATIONAL AND STATE MEDICAL AND MENTAL HEALTH ORGANIZATIONS FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

*Amici curiae* hereby move for leave to file the attached brief of *amici curiae*.

1.     *Amici curiae* are the American Academy of Pediatrics, the Academic Pediatric Association, the American Academy of Child & Adolescent Psychiatry, the American Academy of Family Physicians, the American Academy of Nursing, the American Association of Physicians for Human Rights, Inc. d/b/a GLMA: Health Professionals Advancing LGBTQ+ Equality, the American College of Obstetricians and Gynecologists, the American College of Osteopathic Pediatricians, the American College of Physicians, the American Medical

1

Association, the American Pediatric Society, Association of Medical School Pediatric Department Chairs, Inc., the Endocrine Society, the Oklahoma Chapter of the American Academy of Pediatrics, the National Association of Pediatric Nurse Practitioners, the Oklahoma Council of Child and Adolescent Psychiatry, the Pediatric Endocrine Society, the Societies for Pediatric Urology, the Society for Adolescent Health and Medicine, the Society for Pediatric Research, the Society of Pediatric Nurses, and the World Professional Association for Transgender Health (collectively, "*amici*").

2. *Amici* respectfully move for leave to file the attached amicus brief in support of Plaintiffs' Motion for a Preliminary Injunction.

3. As a group of well-respected medical and mental health organizations, *amici* seek to offer this Court their scientific views and insights regarding the serious medical condition known as gender dysphoria; the accepted standard of care—known as gender-affirming care—for treating individuals suffering from gender dysphoria; and the consequences of prohibiting and criminalizing healthcare providers from providing adolescents with critical, medically necessary, evidence-based treatments for gender dysphoria as would be

required by S.B. 613 (the "Healthcare Ban"), promulgated by the Oklahoma Legislature.[1]

4. Plaintiffs have consented to the filing of this brief. Defendants do not oppose the filing of this brief.

**WHEREFORE**, *amici* respectfully request an order granting leave to file the attached brief of *amici curiae*.

## INTERESTS OF *AMICI CURIAE*

*Amici* are a group of 22 professional medical and mental health organizations seeking to ensure that all individuals, including those with gender dysphoria, receive the optimal medical and mental healthcare they need and deserve. *Amici* include both national and state organizations and represent thousands of health care providers who have specific expertise with the issues raised in the amicus brief.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

By submitting an amicus brief in this matter, *amici* seek to assist this Court on an issue of great importance to many transgender individuals, including

---

[1] Okla. S.B. 613 §§ 1(A)(2)(a)(2), (B)–(F) prohibits treatments that delay or stop puberty or include certain hormone therapy which, as discussed in this brief, are medical necessary care for certain adolescents with gender dysphoria, and makes the provision of such treatments a felony.

adolescents and their families, as well as the medical professionals who treat them: the prevention and treatment of gender dysphoria. *Amici* intend to provide this Court with an empirically grounded view of (i) gender dysphoria; (ii) gender-affirming care, which is the accepted standard of care for treating adolescents at risk of or suffering from gender dysphoria; and (iii) the irreparable harm that would be caused to adolescent patients if the Healthcare Ban is not enjoined. *Amici* thus fulfill the quintessential role for amici curiae, and courts routinely authorize the filing of amicus briefs in such circumstances. *See, e.g.*, *Shoemaker v. City of Howell*, 795 F.3d 553, 562 (6th Cir. 2015) (describing the "traditional function of an amicus curiae" as "assist[ing] in cases of general public interest by supplementing the efforts of private counsel and by drawing the court's attention to [matters] that might otherwise escape consideration") (internal quotations omitted).

Gender dysphoria is a clinical condition that is marked by distress due to an incongruence between the patient's gender identity (*i.e.*, the innate sense of oneself as being a particular gender) and sex assigned at birth. This incongruence can lead to clinically significant distress and impair functioning in many aspects of the patient's life. The widely accepted recommendation of the medical community, including that of the respected professional organizations participating here as *amici*, is that the standard of care for treating gender dysphoria is "gender-affirming care."

Because the Healthcare Ban would prohibit healthcare providers from providing adolescents with critical, medically necessary, evidence-based treatments for gender dysphoria, it is antithetical to the mission and values of *amici*, all of whom are committed to ensuring that all patients, including transgender individuals, receive the best possible medical care. Drawing on empirical research and *amici's* extensive experience and expertise in their respective fields, the proposed amicus brief: (i) provides background on gender identity and gender dysphoria; (ii) describes the professionally-accepted medical guidelines for treating gender dysphoria as they apply to adolescents, and the scientifically rigorous process by which these guidelines were developed; and (iii) describes the evidence that supports the effectiveness of this care for adolescents with gender dysphoria.

Courts regularly permit *amici* to file *amicus curiae* briefs to offer their unique expertise and insight on issues of physical and mental health and welfare, including with respect to transgender youth. For example, district courts in three states considering challenges to similar laws targeting gender-affirming care have accepted and cited amicus briefs filed by many of the same organizations that seek to file a brief here. *See, e.g.*, *Brandt v. Rutledge*, 551 F. Supp. 3d 882, 890 (E.D. Ark. 2021), *aff'd sub nom. Brandt by & through Brandt v. Rutledge*, 47 F.4th 661 (8th Cir. 2022) (citing brief and observing "[t]he consensus recommendation of

5

medical organizations is that the only effective treatment for individuals at risk of or suffering from gender dysphoria is to provide gender-affirming care."); *Eknes-Tucker v. Marshall*, 2022 WL 1521889, at *2 (M.D. Ala. May 13, 2022) (citing brief and observing *amici* "endorse these guidelines as evidence-based methods for treating gender dysphoria in minors."); *Doe v. Ladapo*, -- F. Supp. 3d --, 2023 WL 3833848, at *4 (N.D. Fla. June 6, 2023) (citing *amici*'s submitted brief and observing that "[t]he overwhelming weight of medical authority supports treatment of transgender patients with GnRH agonists and cross-sex hormones in appropriate circumstances").[2]

Moreover, there is no downside to granting *amici*'s motion for leave to file the amicus brief. Courts have recognized that "it is preferable to err on the side of" permitting amicus briefs. *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.). This is so because "[i]f an amicus brief that turns out to be unhelpful is filed, the [court], after studying the case, will often be able to make that determination without much trouble and can then simply disregard the amicus brief." *Id.* "On the other hand, if a good brief is rejected, the [court] will be

---

[2] *See also, e.g.*, *Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, 594 n.1 (4th Cir. 2020) (crediting "leading medical, public health, and mental health organization[]" amici with helping the court to "develop[] a fact-based understanding of what it means to be transgender"); *Adams by Kasper v. Sch. Bd. of St. Johns Cnty.*, 318 F. Supp. 3d 1293, 1298 n.14 (M.D. Fla. 2018) (granting leave to file an amicus brief in support of a transgender male student, and noting that "the position of [amici] as to the appropriate standard of care for gender dysphoria is useful to understanding that diagnosis").

deprived of a resource that might have been of assistance." *Id*.

## CONCLUSION

For the foregoing reasons, *amici* respectfully request that this Court grant their motion for leave to file their proposed amicus curiae brief (attached hereto) in support of Plaintiffs' Motion for a Preliminary Injunction.

Dated: June 9, 2023                                                            Respectfully submitted,

                                                                                              /s/ Micheal Salem
                                                                                              Micheal Salem
                                                                                              SALEM LAW OFFICES
                                                                                              101 East Gray St., Suite C
D. Jean Veta  (*pro hac vice* forthcoming)                 Norman, OK 73069
William Isasi  (*pro hac vice* forthcoming)                Phone: (405) 366-1234
Emily Mondry (*pro hac vice* forthcoming)          msalem@msalemlaw.com
Yuval Mor (*pro hac vice* forthcoming)
COVINGTON & BURLING LLP                                      Cortlin H. Lannin (*pro hac vice*
One CityCenter                                                                  forthcoming)
850 Tenth St., N.W.                                                           COVINGTON & BURLING LLP
Washington, D.C. 20001                                                 Salesforce Tower
Phone: (202) 662-6000                                                   415 Mission St., Suite 5400
jveta@cov.com                                                                 San Francisco, CA 94105
wisasi@cov.com                                                              Phone: (415) 591-6000
emondry@cov.com                                                        clannin@cov.com
ymor@cov.com

*Counsel for Amici Curiae*

## **CERTIFICATE OF SERVICE**

I hereby certify that foregoing Motion was served by electronic service upon counsel of record on June 9, 2023.

_____
Micheal Salem