UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PETER POE, *et al.*, <br><br>                              *Plaintiffs,*<br>v.<br>GENTNER F. DRUMMOND, *et al.,*<br>                              *Defendants.* | No.   23-cv-00177-JFH-SH |

**DEFENDANTS 15-53'S RESPONSE TO PLAINTIFFS' MOTION
FOR LEAVE TO PROCEED UNDER PSEUDONYMS AND
FOR PROTECTIVE ORDER AND OPENING BRIEF IN SUPPORT**

The Defendants 15-53 do not object to Plaintiffs (the minors and their parents) proceeding before this Court using their initials. However, the use of pseudonyms as opposed to initials is not authorized or appropriate. The Federal Rules of Civil Procedure protect the identity of minors by allowing the use of their initials in lieu of full names. *See* Fed. R. Civ. P. 5.2(a)(3). The Federal Rules do not contemplate the use of pseudonyms, and the Tenth Circuit has been particularly reticent to grant pseudonymity. Consequently, Defendants 15-53 object to Plaintiffs' request to proceed before this Court under pseudonyms instead of initials.

**ARGUMENT AND AUTHORITIES**

As a general and important rule, legal proceedings are public events to which members of the public have a right and interest in accessing. *See M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998) ("Even a superficial recognition of our judicial history compels one to recognize that secret court proceedings are anathema to a free society."). Moreover, the public's significant interest in judicial proceedings typically includes knowing the identities of the parties involved. "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). Consistent with this, the Federal Rules of Civil Procedure require that "[t]he title of the complaint must name all the parties[,]" Fed. R. Civ. P. 10(a), and "must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1).

The Federal Rules also enumerate the narrow circumstances where protection of privacy overrides the public's right to access details of court proceedings. One of those circumstances, relevant here, allows a party to include only "the minor's initials . . . ." Fed. R. Civ. P. 5.2(a)(3). Here, there is no dispute that the minor plaintiffs may proceed under their initials. *See id.*; *see also* Doc. 4 at 1 and 5 (stating "Rule 5.2(a) requires the use of initials in court filings to protect the identities of minors unless they affirmatively waive that protection."). Consequently, the use of initials is the appropriate mechanism to protect Plaintiffs.

I. **There is no right to proceed pseudonymously; it is at most a discretionary decision with a strong presumption against pseudonymity.**

The Federal Rules of Civil Procedure do not support a general right to the "unusual procedure" of proceeding in litigation pseudonymously. *See Femedeer*, 227 F.3d at 1246; *see also Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989) (per curiam); *Zavaras*, 139 F.3d at 800; *United States ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1249 (10th Cir. 2017). Because such a practice runs contrary to federal rules, contravenes the public interest, and creates practical difficulties, burdens, and inconveniences in the litigation process, courts should exercise any discretion in this area sparingly. *See, e.g.*, *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979).

In the Tenth Circuit, a plaintiff may "proceed anonymously **only in those exceptional cases** involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Femedeer*, 227 F.3d at 1246 (emphasis added) (citing *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)); *see also Lindsey*, 592 F.2d at 1125 (proceeding pseudonymously is "allowed only where there is an important privacy interest to be recognized.").

As a practical matter, it appears that the Tenth Circuit has denied virtually every opposed request to proceed anonymously. *See, e.g., Lindsey*, 592 F.2d at 1125 (affirming district court's refusal

to allow plaintiff to proceed under pseudonym in case involving malicious prosecution by an inmate); *Coe v. U.S. Dist. Court for Dist. of Colorado*, 676 F.2d 411, 418 (10th Cir. 1982) (affirming district court's denial of anonymity in case involving sexual or immoral improprieties of a doctor); *Femedeer*, 227 F.3d at 1246 (denying anonymity in case involving sex-offender status); *Zavaras*, 139 F.3d at 804 (affirming dismissal of complaint by an anonymous plaintiff in case involving an indigent female inmate seeking abortion services); *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006) (unpublished) (affirming district court's denial of a motion to proceed under pseudonym in case involving civil rights litigation); *Triumph Gear Sys., Inc.*, 870 F.3d at 1250 (affirming dismissal of complaint when plaintiffs failed to seek permission to appear anonymously in case involving fear of employer retaliation); *Goico v. Kansas*, 773 F. App'x 1038, 1040 (10th Cir. 2019) (unpublished) (affirming district court's denial of plaintiff's request for anonymity in case involving a challenge to the state's attempts to legalize marijuana). Further, last year, the Honorable Judge Frizzell ruled against a transgender individual's motion to proceed pseudonymously—albeit largely on grounds of waiver. *See* Order Doc. 37 in *Fowler v. Stitt*, No. 22-CV-115-GKF, (N.D. Okla. Oct. 11, 2022).[1] Therefore, there is no right to proceed pseudonymously.

## II. The Federal Rules of Civil Procedure protect minors through initials.

Again, the Federal Rules of Civil Procedure "make no provision for suits by persons using fictitious names or for anonymous plaintiffs." *Gibbs*, 886 F.2d at 1245. The Federal Rules are not, however, blind to circumstances where privacy protections may override the public's right to access details of court records and proceedings. Rule 5.2(a) therefore enumerates those narrow circumstances where, "[u]nless the court orders otherwise," a filing "may include only" certain redacted information.

---

[1] Somewhat analogously, the Honorable Judge Friot in the Western District of Oklahoma last year denied plaintiff members of the Oklahoma Air National Guard from proceeding anonymously, noting "it is doubtful that a need to disclose medical information . . . would provide significant support to a request to litigate anonymously[,]" given the "stringency of the approach suggested by the court in *Femedeer* . . . ." *Oklahoma v. Biden*, 584 F. Supp. 3d 1034, 1038 & n.3 (W.D. Okla. 2022).

One of the circumstances allows the name of an individual known to be a minor to be shortened to the minor's initials. Fed. R. Civ. P. 5.2(a)(3).

The fact Congress specifically provided for the anonymity of minors *through the use of initials* cannot be ignored or understated. The plain language is an expression of congressional intent, as well as an implicit recognition that using a minor's initials would be sufficient to protect the minor's identity. Moreover, the adequacy of the protection provided by initials is likely informed by the purpose of the adoption of Rule 5.2 in 2007: "to protect privacy and security concerns relating to electronic filing of documents and the public availability . . . of documents filed electronically." Fed. R. Civ. P. 5.2, Advisory Committee Notes (citation omitted). Importantly, the congressional intent was to address a specific concern arising from the development of electronic filing and the widespread availability of electronic court documents. For example, a family member, employer, or neighbor may now be able to find court documents with relative ease through a simple name search on Google or PACER. By allowing minors to proceed under initials, the concern that searching for a minor's name could easily reveal court documents involving the minor is alleviated.

Plaintiffs argue that the statement in Rule 5.2(e) allowing for the "redaction of additional information" following a finding of good cause, as well as the protective order standard under Rule 26(c), support pseudonymity. *See* Doc. 4 at 4-5. However, neither Rule 5.2(e) nor Rule 26(c) overcome the clear language of Rule 5.2(a). Rather, Rule 5.2(e) applies to *other* information *not* previously referenced, and Rule 26(c) makes no indication it is intended to supplant or contravene Rule 5.2.

Setting aside Plaintiffs' errant interpretation, no one argues that this Court lacks any authority to allow for the use of fictitious names. *See Gibbs*, 886 F.2d at 1245. Nonetheless, as one court made clear when faced with a similar situation to the one here: "[m]inors are entitled to litigate anonymously, but under Fed. R. Civ. P. 5.2(a)(3) the right way to provide anonymity is to use initials rather than

4

generic names such as 'John Doe.'" *E.A. v. Gardner,* 929 F.3d 922, 926 (7th Cir. 2019). Therefore, Plaintiffs are, at most, entitled to be identified by their initials in this case.

### III. There is no exceptional reason why utilizing initials is insufficient here.

Because minor Plaintiffs' identities are protected through the use of initials, Plaintiffs' burden here is not just to show that an exceptional circumstance exists to avoid involuntary disclosure of their identity. Rather, Plaintiffs must go even further and show that an exceptional circumstance exists to embrace pseudonymity over and above the protection for minors that already exists in the federal rules. Indeed, Plaintiffs must go even further than that. Defendants 15-53 have agreed that minor Plaintiffs' parents may likewise be identified with their initials, which alleviates any concern that disclosure of parent identity may disclose the minor's identity. Thus, it is Plaintiffs' burden to show why pseudonymity is critical here even if both minors *and* parents are proceeding under their initials.

Plaintiffs have not met this burden. Plaintiffs assert: "Because the pool of transgender adolescents receiving gender-affirming care is small, even initials could be used to identify Minor Plaintiffs." Doc. 4 at 5. Nevertheless, Plaintiffs have failed to explain how this is a reasonable fear. There are severe legal consequences, including criminal penalties, for unlawfully "disclos[ing] individually identifiable health information . . . ." 42 U.S.C. § 1320d–6(a)(3). Nor do Plaintiffs ever suggest that review of their medical records or information would be necessary to resolve their constitutional claims, or explain why such information could not otherwise be protected through a routine protective order governing confidential information. Furthermore, because Plaintiffs will still proceed under initials, there will be no disclosure of Plaintiffs' identity and therefore no legitimate risk that the injury litigated against would be incurred if this Court denies Plaintiffs' Motion.[2] As a result,

---

[2] In any event, the injury Plaintiffs claim here is an inability to access "gender-affirming care[,]" Doc. 4 at 10, which is not an injury that would be caused by disclosure of Plaintiffs' identities. *Contra id.* at 10-11. Presumably, the medical professionals providing Plaintiffs the "gender-affirming care" are already well aware of their identities.

5

Plaintiffs already have adequate legal protections to prevent their identities and their confidential medical information from being used or disclosed improperly. Accordingly, Plaintiffs have wholly failed to show why pseudonymity as opposed to use of initials is necessary.

Regardless, a plaintiff's subjective fear about potential danger or exposure is not enough to merit pseudonymity. Indeed, "the threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). The Eleventh Circuit has even upheld a rejection of pseudonymity when a named plaintiff was attacked four months after her deposition because there was "insufficient evidence of a causal connection between the … attack and litigation activity . . . ." *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1248 (11th Cir. 2020) (quotation omitted). Nor has the Tenth Circuit endorsed weighing subjective and lesser threats of psychological harm. *Cf. Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005) (unpublished) (noting "embarrassment is insufficient to permit anonymity" and that the plaintiff failed to present "any particularized reasons why proceeding publicly would cause him real psychological or physical injury.").

Accordingly, there is no exceptional reason why utilizing initials is insufficient in this case.

## **CONCLUSION**

For these reasons, Defendants 15-53 respectfully ask this Court to deny Plaintiffs' Motion for Leave to Proceed Under Pseudonyms, Doc. 4.

Respectfully submitted,

*s/ Zach West*
GARRY M. GASKINS, II, OBA #20212
  *Solicitor General*
ZACH WEST, OBA #30768
  *Director of Special Litigation*
AUDREY WEAVER, OBA #33258
WILL FLANAGAN, OBA #35110
  *Assistant Solicitors General*
OFFICE OF ATTORNEY GENERAL
 STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone:  (405) 521-3921
Garry.Gaskins@oag.ok.gov
Zach.West@oag.ok.gov
Audrey.Weaver@oag.ok.gov
William.Flanagan@oag.ok.gov
*Counsel for Defendants 15-53*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th of June, 2023, I electronically filed the foregoing DEFENDANTS 15-53'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS AND FOR PROTECTIVE ORDER AND OPENING BRIEF IN SUPPORT with the Clerk of Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

*s/ Zach West*
Zach West