UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PETER POE, *et al.*, <br>                                     *Plaintiffs,* <br> v. <br> GENTNER F. DRUMMOND, *et al.* <br>                                     *Defendants.* | No.  23-cv-00177-JFH-SH |

## DEFENDANTS 15-53'S MOTION FOR LEAVE TO FILE RESPONSE TO THE STATEMENT OF INTEREST OF THE UNITED STATES

Pursuant to LCvR7-1, Defendants 15-53 ("State Defendants") respectfully move this Court for leave to file a Response to the Statement of Interest of the United States ("Statement of Interest") on or before July 10, 2023. In support, State Defendants state as follows:

1. On June 9, 2023, the United States filed a Statement of Interest in the above-styled case pursuant to 28 U.S.C. § 517. *See* Doc. 61.

2. Because the Statement of Interest is not a motion, State Defendants do not believe the Local Rules governing motion practice apply. Nonetheless, and out of an abundance of caution, Defendants respectfully seek leave to respond to the Statement of Interest, as well as permission to file their response on or before July 10, 2023.

3. State Defendants' request to respond to the Statement of Interest is supported by LCvR7 1(f), permitting supplemental briefs "upon motion and leave of Court[,]" and LGnR1-2(c), granting judges "discretion . . . to waive, supplement, or modify any requirement of these local rules when the administration of justice requires." Moreover, general notions of fairness support granting the State Defendants the opportunity to respond to adverse arguments raised by the United States government. To be sure, most of those arguments are duplicative of Plaintiffs' arguments, which creates a plausible ground to strike the filing. *See, e.g.*, *United States ex rel. Kuriyan v. HCSC Ins. Servs. Co.*, No. CV 16-1148 JAP/KK, 2021 WL 5238332, at *1–2 (D.N.M. Jan. 29, 2021) (striking the federal government's statement of interest after finding that it "does not argue that Defendants' counsel has

1

inadequately argued the legal issues nor does the Government define a separate legal interest"). But instead of asking for that more drastic approach, State Defendants merely request the opportunity to respond in a short brief dedicated to that purpose.

4. State Defendants' request for extension of time is made in good faith and not for purposes of undue delay. State Defendants' request is supported by the following facts:

    a. The United States filed its Statement of Interest during State Defendants' preparation of their (1) first responsive pleading, (2) response to Plaintiffs' Motion for Preliminary Injunction, and (3) response to Plaintiffs' Motion for Leave to Proceed under Pseudonyms. *See* Doc. 2; Doc. 4; Doc. 5; Doc. 47. State Defendants' preparations culminated in filings on June 16, 2023, containing over sixty (60) pages of briefing and seven exhibits totaling over 350 pages. *See* Doc. 80; Doc. 81; Doc. 86. State Defendants' diligent and time-consuming efforts to fulfill existing deadlines left little time to review, let alone begin preparing a robust response, to the Statement of Interest before June 16, 2023. Thus, State Defendants' filings on June 16 contained only a couple scattered references to the United States' submission, mostly to point out what arguments the United States was *not* making. *See* Doc. 80 at 19 n.6; Doc. 86 at 28 (federal government not invoking due process); *see also* Doc. 86 at 22 (federal government arguing for intermediate scrutiny; *i.e.* not invoking strict scrutiny).

    b. Subsequently, State Defendants' Counsel has had other intervening obligations and deadlines, including a response to a thirty (30) page Cross-Motion for Summary Judgment in *Plant-Based Foods Ass'n v. Stitt*, No. 20-cv-0938-F (W.D. Okla.) that was filed on June 27, 2023. *See id.* at Doc. 174; Doc. 182.

    c. Allowing State Defendants until July 10, 2023 to file their response to the Statement of Interest will fit comfortably within the current briefing schedule, as Plaintiffs' reply in support of their Motion for Preliminary Injunction is due on July 10, 2023. *See* Doc.

42. Accordingly, granting State Defendants' Motion will not delay any upcoming deadlines, nor the hearing scheduled for July 25, 2023. *See id.*

5. Counsel for Plaintiffs and the United States have been contacted regarding this request. The United States takes no position on State Defendants' filing of a response. Plaintiffs oppose the requested course of action on the ground that it is untimely and provides Plaintiffs with no opportunity to respond to State Defendants.

6. State Defendants respectfully disagree that the envisioned response is untimely, for reasons already discussed above. And State Defendants are unclear why Plaintiffs would be entitled to respond to State Defendants' response to the federal government, a separate entity that is not a party to this case.

## RELIEF REQUESTED

For these reasons, Defendants 15-53 respectfully request leave to file a Response to the Statement of Interest of the United States, Doc. 61, on or before July 10, 2023.

Respectfully submitted,

*s/ Garry M. Gaskins, II*
GARRY M. GASKINS, II, OBA #20212
  *Solicitor General*
ZACH WEST, OBA #30768
  *Director of Special Litigation*
AUDREY A. WEAVER, OBA #33258
WILL FLANAGAN, OBA #35110
  *Assistant Solicitors General*
OFFICE OF ATTORNEY GENERAL
 STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone:   (405) 521-3921
Garry.Gaskins@oag.ok.gov
Zach.West@oag.ok.gov
Audrey.Weaver@oag.ok.gov
William.Flanagan@oag.ok.gov
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2023, I electronically filed the foregoing instrument with the Clerk of Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

*s/ Garry M. Gaskins, II*
Garry M. Gaskins, II
