IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PETER POE, et al.,<br><br> *Plaintiffs*,<br><br>    v.<br><br>GENTNER DRUMMOND, et al.,<br><br> *Defendants*. | Case No. 23-CV-00177-JFH-SH |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO PROCEED
UNDER PSEUDONYMS AND FOR A PROTECTIVE ORDER**

  Defendants 15-33 do not dispute any of the key facts that support Plaintiffs' request to proceed under pseudonyms and for a protective order. They do not dispute that transgender people are frequently and increasingly targets of discrimination and harassment. They do not dispute that transgender people are victims of physical violence. They do not dispute the widespread public, verbal hatred by public officials and others directed at transgender minors. Defendants do not dispute that preventing Plaintiffs from using pseudonyms and requiring them to use initials instead would make them easily identifiable targets for such hatred and violence. And Defendants identify no prejudice they would suffer if Plaintiffs are allowed to proceed under pseudonyms because there is none. Plaintiffs have agreed to provide their legal names to Defendants' counsel and the Court.

  Defendants nevertheless insist that Plaintiffs must be identified by their initials and not by pseudonyms. But their position ignores the unique factual circumstances of this litigation, misstates the purpose of Federal Rule of Evidence 5.2, and misapplies relevant case law. Indeed, Defendants point to no case where a court has denied a motion brought by a transgender minor to

proceed under a pseudonym. That is because courts routinely recognize that the privacy interests of minor litigants are entitled to heightened protection, and they appreciate the particularly sensitive and personal nature of transgender status. This Court should not be the first to deny a transgender minor's request to proceed under a pseudonym. It should reject Defendants' meritless arguments, permit Plaintiffs to proceed under pseudonyms, and grant Plaintiffs' motion for a protective order limiting disclosure of their identities to counsel for Defendants.

## ARGUMENT

**I.      PLAINTIFFS HAVE DEMONSTRATED THAT THE USE OF INITIALS DOES NOT SUFFICIENTLY PROTECT THEIR PRIVACY OR PROTECT THEM FROM THE REAL DANGER OF PHYSICAL HARM.**

Defendants concede that the use of pseudonyms should be allowed in "cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." Defs. 15-33's Resp. to Pls.' Motion (ECF No. 81) at 2. Plaintiffs' motion demonstrates that each one of those factors exists here.

A person's transgender status is unquestionably "highly sensitive and personal." *See* Pls.' Motion (ECF No. 4) at 8–9 (citing cases); *Anderson v. Blake*, 469 F.3d 910, 915 (10th Cir. 2006) (quoting *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999)) ("The excruciatingly private and intimate nature of transsexualism, for persons who wish to preserve privacy in the matter, is really beyond debate."). Plaintiffs also have explained that if their identities become disclosed in this litigation – a very real possibility if they are required to proceed using initials – their transgender status will become public. Plaintiffs thus would be exposed to the very harms of discrimination and harassment they seek to prevent through this litigation, which challenges Oklahoma's discriminatory and unconstitutional ban on gender-affirming care. *See* .ECF No. 4 at 11–12. Plaintiffs also have pointed to survey and other evidence demonstrating that persons publicly

identified as transgender are at significantly increased risk of discrimination, harassment, and violence, including in Oklahoma specifically. *See id.* at 12–15.[1]

Defendants do not contest any of these dispositive facts, and their half-hearted responses should be disregarded. First, Defendants assert with no elaboration or support that if Plaintiffs proceed under initials, "there will be no disclosure of Plaintiffs' identity." ECF No. 81 at 5. This argument ignores Plaintiffs' explanation that initials, together with the other limited information in the Complaint, could easily be sufficient to identify the Minor Plaintiffs given the small number of adolescents receiving gender-affirming care in Oklahoma. ECF No. 4 at 5–6. Defendants offer no response.

Second, Defendants gesture at the laws and procedural mechanisms available to protect disclosure of medical information. ECF No. 81 at 5. But these laws and procedural mechanisms do not address the central risk that the identities and transgender status of the Minor Plaintiffs will

---

[1] Aside from the undisputed and alarming statistics and reports that Plaintiffs note in their motion, recent events highlight how revealing the identities of the minor Plaintiffs and their parents would expose them to threats of violence. For example, recently, gender-affirming medical care providers have received death threats, and gender clinics have received bomb threats. *See* Katie O'Connor, *Gender-Affirming Clinics Subject to Onslaught of Threats, Harassment*, Psychiatric News (Jan. 27, 2023), https://tinyurl.com/4fxahzuu. And individuals in neighboring states, namely, Kansas and Texas, have been arrested for threatening bombings and mass shootings at out-of-state gender-affirming medical care providers and pride events. *See* Press Release, U.S. Dep't of Justice, Kansas Man Facing Federal Charges For Making Online Threats Toward Nashville Pride Event (June 20, 2023), https://tinyurl.com/p5nh938k; Press Release, U.S. Dep't of Justice, Texas Man Indicted for Threatening Doctor Affiliated with the National LGBTQIA+ Health Education Center (Dec. 15, 2022), https://tinyurl.com/4ujh45f5. As a result, last month, the U.S. Department of Homeland Security issued a warning stating the U.S. LGBTQ+ community is currently facing an increased risk of extremist violence, particularly in relation to gender-affirming care for minors. *See* Josh Margolin and Teddy Grant, *Threats against the LGBTQIA+ community intensifying: Department of Homeland Security*, ABC News (May 15, 2023), https://tinyurl.com/3cvtch94; Michael Murney, *LGBTQ community facing increased threat from extremists, DHS warns*, Houston Chronicle (May 25, 2023), https://tinyurl.com/mr4a4k6p.

be disclosed. If Plaintiffs' identities are publicly revealed, no protective order or application of 42 U.S.C. § 1320d–6(a)(3) can undo that injury.

Finally, Defendants rely on a grab bag of inapposite cases to argue the circumstances here do not warrant the use of pseudonyms. *See* ECF No. 81 at 6. For instance, Defendants cite *Raiser v. Brigham Young University*, 127 F. App'x 409 (10th Cir. 2005). But that case involved a *pro se* plaintiff who "allege[d] nothing more than potential embarrassment based on vague and speculative suggestions of mental illness." *Id.* at 411. Here, by contrast, Plaintiffs have demonstrated—and Defendants do not dispute—that transgender persons face a real and significant risk of harassment and violence. *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981), and *In re: Chiquita Brands International, Inc.*, 965 F.3d 1238 (11th Cir. 2020), on which Defendants rely, involved claims that the plaintiffs would suffer retaliation based on their participation in a lawsuit, not based on their transgender status. In *Chiquita*, the court rejected plaintiffs' claim because "[f]or over a decade, hundreds of plaintiffs ha[d] litigated this case under their true names" without facing any retaliation. 965 F.3d at 1248. Here, in contrast, Plaintiffs have shown that disclosure of their transgender status would present a risk of real danger of physical harm. And in *Stegall*, the Fifth Circuit *reversed* the district court's denial of a protective order, explaining that "the threats of violence . . . tip the balance against the customary practice of judicial openness." 653 F.2d at 186. The Court even emphasized "the special status and vulnerability of the child-litigants." *Id. Stegall* thus supports the granting of Plaintiffs' motion to proceed under pseudonyms, not denying it.

II. **FEDERAL RULE OF EVIDENCE 5.2 SUPPORTS ALLOWING PLAINTIFFS TO PROCEED UNDER PSEUDONYMS.**

Unable to attack the factual basis for Plaintiffs' motion, Defendants turn Federal Rule of Civil Procedure 5.2(a) on its head, arguing it creates an insurmountable hurdle for the relief Plaintiffs seek and that minor plaintiffs are entitled, *at most*, to be identified by their initials. *See*

4

ECF No. 81 at 5. Rule 5.2(a)(3), however, simply provides a baseline that minor litigants may proceed under their initials, thus recognizing that minors' privacy interests are entitled to particular weight. Rule 5.2(a)(3) is consistent with the case law Plaintiffs cite recognizing that the privacy of minor plaintiffs is entitled to heightened protection. *See* ECF No. 4 at 5. It thus should be *easier* for minors than for adults to demonstrate the need for pseudonyms when additional considerations warrant heightened privacy protection (as they do here). Under Defendants' reading of Rule 5.2(a), however, it would be easier for *adults* to achieve the protection of pseudonyms because, according to Defendants, minors are entitled to proceed by way of initials *only* and are not entitled to the additional protection of pseudonyms. *See* ECF No. 81 at 5 ("Plaintiffs are, at most, entitled to be identified by their initials in this case."). But that is not what Rule 5.2(a) says, is plainly contrary to the intent of the Rule, and makes no sense as a matter of policy. The Court should reject Defendants' aberrational interpretation of Rule 5.2(a).

Defendants also misinterpret Rule 5.2(e), which allows a court to "require redaction of additional information" above and beyond that required to be redacted by Rule 5.2(a). Defendants argue, with no support, that Rule 5.2(e) applies only to "*other* information *not* previously referenced." ECF No. 81 at 4. The Committee Notes to Rule 5.2 refute this argument, explaining that Rule 5.2(a), "[w]hile providing for the public filing of some information, such as the last four digits of an account number [which are not required to be redacted under Rule 5.2(a)(4)], . . . does not intend to establish a presumption that this information never could or should be protected." Fed. R. Civ. P. 5.2, advisory committee's notes on 2007 rules. The notes continue: "it may well be necessary in individual cases to prevent remote access by nonparties to any part of an account number or social security number." *Id.* These notes demonstrate that the baseline Rule 5.2(a) establishes may in some cases be insufficient. Indeed, the Committee Notes for Rule 5.2(e) explain

5

that it "was published with a standard for protective orders, referring to a need to protect private or sensitive information not otherwise protected by Rule 5.2(a)." *Id.* Even Defendants concede as much, stating "no one argues that this Court lacks any authority to allow for the use of fictitious names." ECF No. 81 at 4.

Finally, Defendants mischaracterize the relationship between Rule 5.2 and Rule 26(c). Defendants argue that Rule 26(c) does not "overcome the clear language" of Rule 5.2(a) and "makes no indication it is intended to supplant or contravene Rule 5.2." *Id.*. The Committee Notes explicitly state, however, that Rule 5.2 "does not affect the protection available under other rules, such as Civil Rules 16 and 26(c), or under other sources of protective authority." Fed. R. Civ. P. 5.2, advisory committee's notes on 2007 rules.

### III. DEFENDANTS MISCHARACTERIZE THE CASE LAW ON USE OF PSEUDONYMS.

In addition to ignoring the unique facts and circumstances of this case and misstating the purpose of Federal Rule of Civil Procedure 5.2, Defendants' response mischaracterizes the relevant case law.

As an initial matter, Defendants largely ignore the cases Plaintiffs cited and discussed in their motion. *See* ECF No. 4 at 5–8. Those cases, which Defendants fail to address (let alone distinguish), demonstrate that courts frequently allow transgender minors and their parents or guardians to use pseudonyms and provide a sufficient basis for the Court to grant Plaintiffs' motion. Indeed, *nationwide*, there does not appear to be any court that has denied a motion brought by a transgender minor to proceed under a pseudonym.

Further, the case law on which Defendants rely does not support denying Plaintiffs' motion. For example, Defendants cite *Lindsey v. Dayton-Hudson Corp.,* 592 F.2d 1118 (10th Cir. 1979), for the proposition that courts should exercise discretion "sparingly" to allow the use of

6

pseudonyms "[b]ecause such a practice . . . creates practical difficulties, burdens, and inconveniences in the litigation process." ECF No. 81 at 2. But Defendants do not and cannot point to *any* practical difficulty, burden, or inconvenience that would be caused by allowing the Minor Plaintiffs and their parents from proceeding under pseudonyms in this case. That is because Plaintiffs have agreed to provide their legal names to counsel for defendants and the Court.

Next, Defendants suggest that the Tenth Circuit is particularly averse to granting requests to proceed under pseudonyms. But the cases Defendants cite are easily distinguishable. Most crucially, none involved a minor plaintiff—let alone a transgender minor plaintiff.[2] Given that the privacy interests of minor litigants are entitled to heightened protection and the particularly sensitive and personal nature of transgender status, the cases Defendants cite are inapposite.

In addition, in several of the cases, the court denied anonymity because the information the movant sought to keep private already was public knowledge. *See Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 812 (10th Cir. 2006) (because plaintiff's identity was

---

[2] Tellingly, Defendants' brief cites only a single case involving a minor plaintiff, *E.A. v. Gardner*, 929 F.3d 922 (7th Cir. 2019). *See* ECF No. 81 at 5. And in that case, the father of the minors was the true plaintiff in the action he filed against a court-appointed psychologist regarding an underlying child custody dispute. The minor plaintiffs were simply named in the caption. The court described the father's pattern of "abusive litigation" and noted that the father "has not provided a reason that could support allowing him to litigate in secret" given that his name had already been used in multiple related state court decisions. *Gardner*, 929 F.3d at 926. The Court did not address the privacy interests of the minors in proceeding under pseudonyms instead of initials apart from the quote Defendants reference.

In the *single* case Defendants cite involving an adult transgender plaintiff, *Fowler v. Stitt*, No. 22 Civ. 115 (N.D. Okla. Oct. 11, 2022) (ECF No. 37), Defendants acknowledge, as they must, that the Court's denial of plaintiff's motion to proceed under a pseudonym was "largely on grounds of waiver." ECF No. 81 at 3. In *Fowler*, the court denied the request for pseudonymity and found that the plaintiff "waived" the opportunity to remain anonymous because the pleadings included "enough specific details related to [the plaintiff]'s name change proceeding that [the plaintiff]'s true identity can be found—based on the provided information alone—with relative ease." *Fowler*, ECF No. 37 at 3. Plaintiffs here, in contrast, have made extraordinary efforts to keep their identities confidential and have not provided personally identifying information in their Complaint.

already public in prior litigation, court could not now "put jack back in the box"); *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (plaintiff's sex offender status already was made public in underlying conviction); *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998) (incarcerated plaintiff's fear of retaliation by facility at which she was detained was unavailing because state agency already knew her identity); *Lindsey*, 592 F.2d at 1125 (plaintiff suing department store for false imprisonment had already suffered the worst of publicity and embarrassment when he was a named defendant in state criminal trial for public lewdness and current case sought to restore his reputation); *Fowler*, ECF No. 37 at 3 (plaintiff waived opportunity to remain anonymous).

In other cases on which Defendants rely, the movants claimed only that they would suffer embarrassment or economic or professional harm if their identities were discovered. *See Goico v. Kansas*, 773 F. App'x 1038, 1040 (10th Cir. 2019) (fear of embarrassment); *United States ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1249, n.10 (10th Cir. 2017) (fear of retaliation by employer); *Raiser*, 127 F. App'x at 411 (fear of embarrassment). Here, Plaintiffs do not merely allege they will suffer embarrassment. They have demonstrated a real and significant risk of harassment and violence—a risk that Defendants do not dispute transgender persons in Oklahoma face.

Defendants also highlight several cases involving a denial of anonymity based on procedural grounds. *See Triumph Gear Sys., Inc.*, 870 F.3d at 1250 (plaintiffs failed to seek permission to appear anonymously); *Nat'l Commodity & Barter Ass'n, v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989) (lack of jurisdiction); *Gardner*, 929 F.3d at 926 (plaintiff provided no support for request to proceed anonymously). No such procedural grounds bar relief here.

Finally, Defendants' suggestion that the Tenth Circuit essentially has a blanket rule against granting motions to proceed under pseudonyms is belied by the many district court decisions in the Circuit granting motions to proceed under pseudonyms despite opposition. *See, e.g.*, *Does 1-13 v. Mount Saint Mary High Sch. Corp. of Okla.*, No. 22 Civ. 992, 2023 WL 2825331, at *2 (W.D. Okla. Mar. 29, 2023) ("complaints involving minors are matters of a highly sensitive and personal nature") (citation omitted); *Roe v. Cath. Health Initiatives Colo.*, No. 11 Civ. 02179, 2012 WL 12840, at *5 (D. Colo. Jan. 4, 2012) (noting that "the potential burden upon the Court or the opposing party is not a factor used to determine whether the use of a pseudonym is appropriate."); *Doe v. Regis Univ.*, No. 21 Civ. 0580, 2021 WL 5329934, at *1 (D. Colo. Nov. 16, 2021) (granting motion in part and stating "the Tenth Circuit has recognized that highly sensitive and personal information that would result in a social stigma is an appropriate basis for allowing a party to proceed by pseudonym."); *Does v. Rodriguez*, No. 06 Civ. 00805, 2007 WL 684114, at *3 (D. Colo. Mar. 2, 2007) (granting motion where "plaintiffs have stated their willingness to appear at depositions, to speak with opposing counsel, and to otherwise exchange information, provided their anonymity is protected."); *Doe v. USD No. 237 Smith Ctr. Sch. Dist.*, No. 16 Civ. 2801, 2017 WL 3839416, at *11 (D. Kan. Sept. 1, 2017) (granting adult Plaintiff's motion to proceed under pseudonym and stating "[t]he fact that Doe was a minor at all times material to the allegations of the complaint is at the forefront of the Court's analysis").

In sum, Defendants' failure to cite any Tenth Circuit cases involving minor plaintiffs is telling: it demonstrates that it is exceptionally rare for a defendant in the Tenth Circuit to oppose a minor plaintiff's request to proceed under a pseudonym. When minor plaintiffs' privacy rights are at issue, such requests are frequently granted, as the cases Plaintiffs cited in their motion demonstrate. And when the request comes from a transgender minor, courts appear to uniformly

9

grant the request to proceed under a pseudonym. The case law overwhelmingly supports Plaintiffs' position.

## CONCLUSION

The Minor Plaintiffs, unlike almost any other litigant, face an exceptional situation whereby a very real threat of violence follows them, not for filing a lawsuit, but simply for being who they are. Defendants do not dispute this fact and have identified no prejudice to them or the public if the Court grants Plaintiffs' motion. Court decisions across the country demonstrate that Defendants' oversimplification of the Federal Rules of Civil Procedure is incorrect.

For the reasons stated above and in their motion, Plaintiffs respectfully request that the Court grant their motion to proceed under pseudonyms and for an (unopposed) protective order limiting disclosure of their identities to counsel for Defendants.

Date: June 30, 2023

/s/ Laura J. Edelstein

Megan Lambert
 (OBA# 33216)
**American Civil Liberties Union
 Foundation of Oklahoma**
P.O. Box 13327
Oklahoma City, OK 73113
(405) 524-8511
mlambert@acluok.org

Chase Strangio*
Harper Seldin*
**American Civil Liberties Union
 Foundation**
125 Broad Street, Floor 18
New York, NY 10004
(212) 549-2500
cstrangio@aclu.org
hseldin@aclu.org

Laura J. Edelstein*
**Jenner & Block LLP**
455 Market Street, Suite 2100
San Francisco, CA 94105
(628) 267-6800
LEdelstein@jenner.com

Luke C. Platzer*
Madeleine V. Findley*
**Jenner & Block LLP**
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 639-6000
LPlatzer@jenner.com

Lauren M. Greene*
Blaine R. Valencia*
**Jenner & Block LLP**
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071-2246
(213) 239-5100
LGreene@jenner.com
BValencia@jenner.com

\* *Admitted pro hac vice*

*Counsel for Plaintiffs*

Respectfully submitted

Omar Gonzalez-Pagan*
**Lambda Legal Defense
 and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY 10005
(212) 809-8585
ogonzalez-pagan@lambdalegal.org

Shelly L. Skeen*
**Lambda Legal Defense
 and Education Fund, Inc.**
Oak Lawn Ave, Ste. 500
Dallas, TX 75219
(214) 219-8585
sskeen@lambdalegal.org

Sasha Buchert*
**Lambda Legal Defense
 and Education Fund, Inc.**
1776 K Street, N.W., 8th Floor
Washington, DC 20006
(202) 804-6245
sbuchert@lambdalegal.org

Remi Jaffre*
**Jenner & Block LLP**
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600
RJaffre@jenner.com

Lillian M. McGuire*
Jocelyn Sitton*
Daniel L. Robertson*
**Jenner & Block LLP**
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
LMcGuire@jenner.com
JSitton@jenner.com
DRobertson@jenner.com

## CERTIFICATE OF SERVICE

  I hereby certify that on June 30, 2023, I caused the foregoing Plaintiffs' Reply in Support of Motion for Leave to Proceed Under Pseudonyms and for a Protective Order to be filed with the Clerk of Court via the Court's CM/ECF system, which effects service upon all counsel of record.

                   Respectfully submitted,

                   */s/ Laura J. Edelstein*
                   Laura J. Edelstein
                   **JENNER & BLOCK LLP**
                   455 Market Street, Suite 2100
                   San Francisco, CA 94105
                   (628) 267-6800
                   LEdelstein@jenner.com

                   *Counsel for Plaintiffs*