UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

PETER POE, *et al.*,

        *Plaintiffs,*

v.

GENTNER F. DRUMMOND, *et al.*

        *Defendants.*

No. 23-cv-00177-JFH-SH

## DEFENDANTS 15-53'S MOTION TO STRIKE PLAINTIFFS' REPLY AFFIDAVITS OR, IN THE ALTERNATIVE, TO FILE SURREPLY, WITH BRIEF IN SUPPORT

In their reply in support of their motion for preliminary injunction, Doc. 119, Plaintiffs attach four exhibits containing 80 pages of new testimony. Namely, they attach four "rebuttal" declarations, one from each of their experts.[1] Rule 6(c)(2) of the Federal Rules of Civil Procedure states that "[a]ny affidavit supporting a motion must be served with the motion." And Local Rule 7-1(f) does not contemplate affidavits filed with a reply brief. Therefore, State Defendants respectfully request this Court strike the new materials in Plaintiffs' reply or decline to rely on the same. *See Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) (holding that a district court "may choose to strike a filing that is not allowed by local rule" (citations omitted)). In the alternative, pursuant to Local Rule 7-1(f), State Defendants request leave to respond to Plaintiffs' new materials in a supplemental surreply.

## ARGUMENT AND AUTHORITIES

Again, the Federal Rules of Civil Procedure provide that "[a]ny affidavit supporting a motion must be served *with the motion*." Fed. R. Civ. P. 6(c)(2) (emphasis added). "Any" and "must" are broad and mandatory terms, respectively. *See, e.g., BP Am. Prod. Co. v. Burton*, 549 U.S. 84, 93 (2006) (describing "every" and "any" as "broad terms"); *Cincinnati Ins. Co. v. AMSCO Windows*, 593 Fed. App'x 802, 809 (10th Cir. 2014) (unpublished) ("must" and "shall" are "traditionally interpreted as mandatory"). As the Tenth Circuit has noted regarding a prior version of Rule 6(c)(2): "[t]he language

---

[1] Plaintiffs' fifth physician witness—the only one with Oklahoma experience—is apparently no longer participating in this case. *See* Doc. 118 at 5 n.3.

1

of the rule is clear. Affidavits in support of a motion must be served with the motion." *In re Stone*, 588 F.2d 1316, 1321 (10th Cir. 1978). Accordingly, reply briefs should generally avoid introducing new evidentiary materials or new arguments. *See, e.g., Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003) ("[T]he court abused its discretion to the extent it relied on new evidentiary materials presented for the first time in Sprint's reply brief."); *Pimentel & Sons Guitar Makers v. Pimentel*, 229 F.R.D. 208, 210 (D.N.M. 2005) (noting, in preliminary injunction context, that "courts disfavor new arguments and evidence in a reply brief"); *Tex. Health & Human Servs. Comm'n v. United States*, 166 F. Supp. 3d 706, 710 n.4 (N.D. Tex. 2016) ("offering new evidence in a reply brief is improper"). In this same vein, Local Rule 7.1(f) approves "reply briefs" only "regarding new matters in the response brief," and it does not discuss or condone evidentiary materials being filed with a reply.

When a moving party raises new evidentiary materials in a reply brief, the district court has "two permissible courses of action" within its discretion. *Beaird v. Seagate Tech.*, 145 F.3d 1159, 1164 (10th Cir. 1998); *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). The court can either (1) refrain "from relying on any new material contained in the reply brief[,]" or (2) permit a surreply, if requested. *Beaird*, 145 F.3d at 1164; *see also Green*, 420 F.3d at 1196-97; *Logan v. Sabre*, 314 Fed. App'x 123, 125 (10th Cir. 2009) (unpublished); *Pimental*, 229 F.R.D. at 210-11. The disfavoring of new materials in a reply ensures the non-moving party is "given sufficient time to respond to the affidavits filed by the moving party, thereby avoiding any undue prejudice." *Tishcon v. Soundview Commc's*, Civ. Act. No. 1:04-CV-524-JEC, 2005 WL 6038743, at *8 (N.D. Ga. Feb. 15, 2005); *see also W. Coast Life Ins. Co. v. Hoar*, 558 F.3d 1151, 1156 (10th Cir. 2009) ("consideration of this evidence for the first time in Defendants' reply brief denies WCLI the opportunity to contest or rebut the evidence")

Just seven months ago, in a case in the Western District of Oklahoma involving transgender-identifying minors and public-school restrooms, the ACLU-represented plaintiffs similarly filed several affidavits in their preliminary injunction stage reply brief. *See Bridge v. Okla. State Dep't of Educ.*,

2

No. CIV-22-787-JD (W.D. Okla.) (Doc. 62, 64, 66). The State moved to strike, and the district court "agree[d] with State Defendants that reply briefs should not raise new arguments or present evidence on new matters." *Bridge*, Doc. 67 at 3. "These materials," the court found, "all generally relate to issues and arguments raised by Plaintiffs in the initial motion, but they are new materials to which State Defendants have not been afforded an opportunity to respond." *Id.* at 4. Rather than strike or disregard the new affidavits, the court found "that the better solution is to permit State Defendants to submit a limited surreply that raises no new issues and responds only to the new matters in the reply brief identified by State Defendants in the Motion." *Id.*

This Court should strike Plaintiffs' new affidavits or decline to rely on them. Even courts that have been more open to reply evidence and affidavits (contra the plain text of Rule 6(c)(2)) have generally emphasized that foreseeability matters in this arena. *See, e.g., Baugh v. City of Milwaukee*, 823 F. Supp. 1452, 1456-57 (E.D. Wis. 1993) (asserting that barring reply affidavits entirely "would allow the party opposing the motion to gain an unfair advantage by submitting issues and evidentiary support that were *unforeseen* at the time the motion was first proffered" (emphasis added)). Here, Plaintiffs cannot seriously contend that the issues raised by Defendants in their response and affidavits were somehow "unforeseen" when they filed their original motion and affidavits. For instance, take the risks of the procedures in question. Was it unforeseeable that Defendants would focus extensively on the known risks of hormones and surgeries on healthy children, such that Plaintiffs could largely ignore many of the risk details in their opening declarations and wait until the reply affidavits to add in risk "rebuttals"? *See, e.g.*, Doc. 119-2, ¶¶ 13-17. Hardly. Additionally, much of the State Defendants' testimony has been filed—at times, nearly verbatim—in other states litigating these very same issues. Specifically, just like several of Plaintiffs' experts, Defendants' experts Cantor, Laidlaw, and Thompson have all testified in other States. Moreover, little of the Plaintiffs' reply affidavits are

3

devoted to responding to the new testimony of Dr. Harris.[2] The rules are in place for a reason. Accordingly, plaintiffs should be prohibited from trying to make their case in reverse, by backloading their reply with 80 new pages of evidence.

To be sure, Plaintiffs' new affidavits mostly appear to address arguments made by Defendants' experts. But that still doesn't comply with FRCP 6(c)(2) or Local Rule 7-1(f). And in any event, *mostly* is not *always*. Plaintiffs' reply affidavits are lengthy, and they include multiple paragraphs that do not expressly state that they are rebutting Defendants' witnesses, meaning it isn't simple or easy to determine whether the material is truly new, or rebuttal information related to some other paragraph. *See, e.g.*, Doc. 119-2, ¶¶ 29-31; Doc. 119-3, ¶¶ 30; Doc. 119-4, ¶ 39. Nor is it easy to figure out, even in paragraphs where they expressly interact with State Defendants' witnesses, whether the new affidavits raise new arguments that should have been foreseeable. And in least one instance, Plaintiffs' witness seemingly admits he is interacting with an argument made elsewhere, by "some" persons *other than* Defendants' witnesses. *See* Doc. 119-3, ¶ 28; *see also* Doc. 119-4, ¶ 39. Given all this, the 80 pages of new affidavits cannot be classified as "strictly" limited rebuttal efforts.[3]

In any event, even if one accepts that rebuttal affidavits with a reply brief are proper, and if one accepts that the new affidavits here do nothing but rebut Defendants' witnesses, there still must be some sort of proportionality limit. Surely a plaintiff could not file an injunction motion with limited evidentiary support, wait until a defendant filed a robust evidentiary response, and *then* include a lengthy and robust evidentiary reply?[4] Again, the rules do not envision or condone making a case in

---

[2] Plaintiffs instead flippantly claim that Dr. Harris—a former Oklahoma Medical Board president with four decades of Oklahoma endocrinology experience that includes prescribing the very drugs at issue in this litigation to minors and adults—is not qualified to opine here. *See* Doc. 119 at 6.

[3] Even courts whose local rules expressly allow for reply evidence require "all such materials" to be "*strictly limited* to rebuttal of matters raised in the opposing memorandum." *Baltzer v. Midland Credit Mgmt., Inc.*, No. 14-20140-CIV, 2014 WL 3845449, at *2 (S.D. Fla. Aug. 5, 2014) (emphasis added).

[4] This is why any potential argument from Plaintiffs about the length of Defendants' materials is largely irrelevant. Not only was much (if not all) of that testimony foreseeable, but Plaintiffs were in no way restricted with how much evidence they could have filed originally.

4

reverse like this. At some point, even construing them generously, reply affidavits begin to look like taking a second bite at the apple. *See Tishcon*, 2005 WL 6038743 at *8 (striking reply affidavits that were "offered and intended to replace inadequate evidentiary submissions" in original motions). Here, excluding CVs and the like, Plaintiffs' four reply affidavits are very nearly equal in length to their four original affidavits. Specifically, the four witnesses in question filed around 88 pages of affidavit testimony to support Plaintiffs' injunction motion, and they filed around 80 pages of affidavit testimony in reply. Dr. Turban, in particular, authored a 23-page rebuttal affidavit after producing a 17-page affidavit supporting the original motion. These numbers should give the Court pause.

Moreover, the new affidavits offer some *Daubert*-esque legal opinions about the qualifications of State Defendants' experts, which is inappropriate for the resolution of a preliminary injunction. *See, e.g.*, Doc. 119-1, ¶¶ 12-17, Doc. 119-4, ¶ 21. A preliminary injunction "is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits[,]" and "[t]he Federal Rules of Evidence do not apply to preliminary injunction hearings." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003) (citation omitted). At a bare minimum, Defendants should be given a chance to respond to attacks made on the basis of qualifications. Surreplies are disfavored, certainly, but the Tenth Circuit has been clear that a "nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply." *Green*, 420 F.3d at 1196; *see also id.* at 1197 (classifying "an affidavit" and a deposition excerpt as "new material[]"). Had Plaintiffs not filed lengthy new materials with their reply, Defendants would not be seeking a surreply. Plaintiffs made their choice, however, forcing Defendants to respond.

### RELIEF REQUESTED

In sum, this Court should strike the new materials contained in Plaintiffs' reply from the record. *See Green*, 420 F.3d at 1197 ("[A]lthough the DOL did attach new materials to its reply . . . a

review of the record reveals that the District Court did not rely on these new materials in granting summary judgment for the DOL. As such, the District Court did not abuse its discretion in denying Ms. Green's motion to file a written surreply."). Striking Plaintiffs' surreply is the appropriate course of relief here because it would advance judicial economy and prevent undue prejudice against Defendants. For example, it will take some time and a significant amount of effort by Defendants' counsel and their experts to prepare a surreply. Moreover, given that Defendants have agreed to withhold enforcement of the law pending this court's injunction decision, any delay in a ruling on the injunction motion or the hearing of that motion would severely prejudice Defendants. Plaintiffs' decision to improperly introduce new evidence in the reply has already placed Defendants between a rock and a hard place: They must either let improperly filed materials pass by or risk having an important State law remain unenforced for even longer. This Court should not allow Plaintiffs to benefit from dilatory tactics.

In the alternative, like Judge Dishman in the Western District of Oklahoma in *Bridge*, *see supra*, this Court could allow State Defendants a meaningful opportunity to submit additional rebuttal arguments or evidence in a short surreply. That said, Defendants would request in this scenario that the July 25 hearing still take place and this Court not delay its decision.

Respectfully submitted,

*s/ Zach West*
GARRY M. GASKINS, II, OBA #20212
  *Solicitor General*
ZACH WEST, OBA #30768
  *Director of Special Litigation*
AUDREY A. WEAVER, OBA #33258
WILL FLANAGAN, OBA #35110
  *Assistant Solicitors General*
OFFICE OF ATTORNEY GENERAL
  STATE OF OKLAHOMA

        313 N.E. 21st Street
        Oklahoma City, OK 73105
        Phone: (405) 521-3921
        Garry.Gaskins@oag.ok.gov
        Zach.West@oag.ok.gov
        Audrey.Weaver@oag.ok.gov
        William.Flanagan@oag.ok.gov
        *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2023, I electronically filed the foregoing instrument with the Clerk of Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

*s/ Zach West*
Zach West