IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PETER POE, *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> GENTNER DRUMMOND, *et al.*, <br><br> **Defendants.** | Case No. 23-CV-177-JFH-SH |

## OPINION AND ORDER

Before the Court is a motion for leave to proceed under pseudonyms and for a protective order ("Motion") filed by Plaintiffs Benjamin, Bethany, and Brandon Boe; Donna and Daphne Doe; Lauren and Lydia Loe; Paula, Patrick, and Peter Poe; and Rachel, Richard, and Ryan Roe (collectively, "Plaintiffs"). Dkt. No. 4. The State Defendants[1] oppose the Motion. Dkt. No. 81. Plaintiffs filed a reply. Dkt. No. 107. For the reasons stated, the Motion is GRANTED.

## BACKGROUND

Plaintiffs filed suit asking the Court to review the constitutionality of recent Oklahoma state action related to transgender medical care for adolescents. They primarily challenge Senate Bill 613 ("SB 613"), which went into effect on May 1, 2023, and bans healthcare providers from

---

[1] These Defendants describe themselves as "Defendants 15-53" and include Gentner Drummond, Steven Katsis, M.D., Trevor Nutt, Clayton Bullard, Susan Chambers, M.D., Louis Cox, M.D., Mark Fixley, M.D., Jeremy Hall, Timothy Holder, M.D., Robert Howard, Ross VanHooser, M.D., Don Wilber, M.D., Katherine O'Dell, D.N.P., R.N., Kyle Leemaster, M.B.A., R.N., Shawn Stachovic, L.P.N., Shelly Swalley, M.S., R.N., Lindsay Potts, L.P.N., Amber Garretson, APRN-CNS, C.C.R.N., Nikole Hicks, Ph.D., R.N., CNE, Callie Rinehart, M.S.N., R.N., C.P.N., Shaston Salie, L.P.N., Georgina Calhoun, Marisa Wrape, Bret S. Langerman, Catherine C. Taylor, J.D., Duane G. Koehler, D.O., Katie L. Templeton, J.D., Leroy E. Young, D.O., Dennis J. Carter, D.O., C. Michael Ogle, D.O., Chelsey D. Gilbertson, D.O., University Hospitals Authority, University Hospitals Trust, Randy Dowell, G. Rainey Williams, Jim Everest, Anthony F. Keating, III, Gary E. Raskob, and Kevin Corbett, all in their official capacity.

"knowingly providing gender transition procedures . . . to a child." Dkt. No. 2.[2] They also challenge a policy (the "SB 3 Policy") enacted by a subset of defendants before SB 613 that allegedly caused the OU Health medical system to "cease[] providing hormone-related prescription therapies and surgical procedures for gender-affirming services to transgender patients under the age of eighteen to gain access to the funds conditioned by" another recent Oklahoma law, Senate Bill 3. *See id.* at ¶ 16.

The names Brandon Boe, Daphne Doe, Lydia Loe, Peter Poe, and Ryan Roe (the "Minor Plaintiffs") are pseudonyms for five transgender adolescent plaintiffs. Dkt. No. 4 at 2. Similarly, the names Benjamin and Bethany Boe, Donna Doe, Lauren Loe, Paula and Patrick Poe, and Rachel and Richard Roe (the "Parent Plaintiffs") are pseudonyms for these adolescents' parents or legal guardians. *Id.* at 1. The Minor Plaintiffs ask to litigate the constitutionality of SB 613 and the SB

---

[2] SB 613 defines "gender transition procedures" as "medical or surgical services performed for the purpose of attempting to affirm the minor's perception of his or her gender or biological sex, if that perception is inconsistent with the minor's biological sex," including "surgical procedures that alter or remove physical or anatomical characteristics or features that are typical for the individual's biological sex" and "puberty-blocking drugs, cross-sex hormones, or other drugs to suppress or delay normal puberty or to promote the development of feminizing or masculinizing features consistent with the opposite biological sex." 63 O.S. § 2607.1(A)(2)(a). Medical or surgical services excluded from the definition of "gender transition procedures" include "behavioral healthcare services or mental health counseling;" "medications to treat depression and anxiety;" "medications prescribed, dispensed, or administered specifically for the purpose of treating precocious puberty or delayed puberty in that patient;" "services provided to individuals born with ambiguous genitalia, incomplete genitalia, or both male and female anatomy, or biochemically verifiable disorder of sex development (DSD);" "the treatment of any infection, injury, disease, or disorder that has been caused by or exacerbated by the performance of gender transition procedures, whether or not the gender transition procedure was performed in accordance with state and federal law;" "the treatment of any physical injury or illness that would, as certified by a physician, place the individual in imminent danger of death or impairment of a major bodily function unless such treatment is performed;" and "the provision of puberty-blocking drugs or cross-sex hormones to a minor currently receiving such drugs or hormones as of the effective date of this act for a period of not more than six (6) months solely for the purpose of assisting the minor with gradually decreasing and discontinuing use of the drugs or hormones." *Id.* at § 2607.1(A)(2)(b).

3 policy under pseudonyms "to protect their privacy and safety as minors and to avoid exposure to discrimination and harassment." *Id.* at 3.  The Parent Plaintiffs "also seek to proceed under pseudonyms to further protect the identity of the Minor Plaintiffs." *Id.*  Plaintiffs state they "do not seek to restrict the public's general right to access the filings, proceedings, and rulings in this case." *Id.* at 7.  They also "do not seek to withhold their identity from Defendants (through their counsel) or the Court" and say they are willing to provide their identities under seal.  *Id.* at 8.

Plaintiffs describe a variety of concerns should their real names be required in the public record of the case.  First is "the risk of bullying and harassment at school from other students and school administrators and the resulting emotional distress should Minor Plaintiffs be identified as transgender, or as plaintiffs in this lawsuit."  *Id.* at 4.  Next is the risk that using the initials of their real names could still be used to identify them because "the pool of transgender adolescents receiving gender affirming care is small" and is estimated to include 1% of thirteen- to seventeen-year-olds in Oklahoma.  *Id.* at 5-6.  Third, Plaintiffs ask to protect the Minor Plaintiffs' medical histories, saying that because "the Complaint challenges the discriminatory denial of necessary medical care and the effect of that denial, it necessarily pleads highly detailed information about the Plaintiff Families" and "detailed allegations of the Minor Plaintiffs' confidential medical information."  *Id.* at 7, 10.  Fourth, Plaintiffs are concerned that "[r]equiring the Minor Plaintiffs to reveal their transgender status publicly as a condition of litigating their rights to receive the gender-affirming care that otherwise would allow them to keep their transgender status private would subject them to the very harms of discrimination and harassment they seek to prevent."  *Id.* at 11.  Fifth, Plaintiffs assert that "threat of physical harm to transgender individuals due to the disclosure of their transgender status is real" and includes "well-documented dangers [] present in Oklahoma," which cause them "fears that they will be exposed to an increased risk of

3

discrimination, harassment, and even violence should the transgender status of the Minor Plaintiffs become publicly known." *Id.* at 13.

The State Defendants respond that they do not oppose use of initials to identify both the Minor Plaintiffs and Parent Plaintiffs. Dkt. No. 81 at 5. They argue that there is no exceptional reason why utilizing initials would be insufficient. *Id.*

## AUTHORITY AND ANALYSIS

### I. Legal Standard

"Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). "Proceeding under a pseudonym in federal court is, by all accounts, 'an unusual procedure.'" *Id.* (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). A party seeking to litigate anonymously or pseudonymously must petition the Court for permission to do so. *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001). "If a court grants permission, it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter." *Id.*

Three Federal Rules of Civil Procedure are relevant. Rule 10 requires all pleadings contain the names of the parties, while Rule 17 requires actions to be prosecuted in the name of their real parties in interest. Fed. R. Civ. P. 10 & 17. In general, "[t]he Rules provide no exception that allows parties to proceed anonymously or under fictitious names such as initials." *Yocom*, 257 F.3d at 1172. However, Rule 5.2 requires that where "an individual known to be a minor" is

referenced in court filings, the minor's initials—rather than name—must be used unless the Court orders otherwise. Fed. R. Civ. P. 5.2(a)(3).[3,4]

Notwithstanding these Rules, the Tenth Circuit has "recognized that there may be exceptional circumstances warranting some form of anonymity in judicial proceedings." *Femedeer*, 227 F.3d at 1246. The decision whether to allow litigation by pseudonym is left to the Court's discretion. *Zavaras*, 139 F.3d at 802. "[T]here is no legal right in parties either to be allowed anonymity or to avoid it, and [] trial courts correspondingly have no unreviewable license either to grant or deny anonymity on general principles, but power only to grant or deny it on the basis of an informed discretion." *Id.* at 803 (quoting *James v. Jacobson*, 6 F.3d 233, 242 (4th Cir. 1993)).

## II.  Exceptional Circumstances

Exceptional circumstances warranting use of pseudonyms may involve "matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough." *Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

Plaintiffs cite numerous recent cases where courts have found exceptional circumstances warranting pseudonymous litigation by minor litigants and their parents based on the vulnerability of child litigants, privacy and safety concerns, and societal volatility regarding sensitive issues.

---

[3]  The Court's Local Rules also require redaction of personal data identifiers as set out by Rule 5.2. LCvR5.2-1.

[4]  Plaintiffs acknowledge that the Minor Plaintiffs have a right under the Rules to proceed by initials, but request to proceed by pseudonyms to further "protect their privacy and safety as minors and to avoid exposure to discrimination and harassment." Dkt. No. 4 at 3.

For instance, the Seventh Circuit affirmed pseudonymous litigation by plaintiffs where it was "significant that children [were] involved," identifying "adult plaintiffs also would expose the identities of their children," and "the subject matter of the suit frequently has a tendency to inflame unreasonably some individuals. . . [creating] risk to children." *Doe ex rel. Doe v. Elmbrook Sch. Dist*, 658 F.3d 710, 724 (7th Cir. 2011), *vacated on other grounds*, 687 F.3d 840 (7th Cir. 2012).

Other circuit courts have concluded similarly. The Eleventh Circuit noted "[c]ourts have permitted plaintiffs to proceed anonymously in cases involving mental illness, homosexuality, and transsexuality" where "the social stigma attached to the plaintiff's disclosure was found to be enough to overcome the presumption of openness in court proceedings." *Frank*, 951 F.2d at 324 (citations omitted). And the Fifth Circuit explained that "threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity" but concluded that "the almost universal practice of [party name] disclosure" needed to "give way . . . to the privacy interests at stake" in a case involving Establishment Clause litigation where "the special status and vulnerability of the child-litigants, the showing of possible threatened harm and serious social ostracization based upon militant religious attitudes, and the fundamental privateness of the religious beliefs" were "at the core of [the] suit". *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).

District courts have also found exceptional circumstances justifying pseudonymous litigation in similar cases. The District of Kansas reasoned that a minor plaintiff "and his parents share common privacy interests based on their inseparable relationship to one another" such that "[o]rdering disclosure of the parent[s'] identities would place—in effect—personally identifiable and confidential information about the alleged sex and gender harassment of a minor in the public record." *S.E.S. v. Galena Unified Sch. Dist. No. 499,* No. 18-2042-DDC-GEB, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018). Consequently, the court concluded that requiring the parents to

litigate under their real names "would affect [the minor] the most." *Id.* The Southern District of Ohio concluded an 11-year-old transgender plaintiff's "circumstances [were] the kind in which a plaintiff would be required to disclose information 'of the utmost intimacy'" and found "compelling reasons to protect [the plaintiff's] privacy and shield her from discrimination and harassment." *Bd. of Educ. of Highland Local Sch. Dist. v. U.S. Dep't of Educ.,* No. 16-CV-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016). And the Southern District of Illinois reasoned that "privacy of vulnerable parties" and "risk of retaliation by members of the public" were extraordinary circumstances justifying pseudonymous litigation in a case involving a transgender minor. *Doe v. United States,* No. 16-CV-640-SMY-DGW, 2016 WL 3476313, at *1 (S.D. Ill. June 27, 2016).

The Court concludes the rationale from these cases applies here. Exceptional circumstances exist weighing in favor of allowing both Minor Plaintiffs and Parent Plaintiffs to proceed pseudonymously.

### III. Prejudice to Defendants

The risk of prejudice to opposing parties in allowing pseudonymous litigation is lessened if opposing parties are aware of a plaintiff's true identity. *Doe v. USD No. 237 Smith Ctr. Sch. Dist.*, No. 16-CV-2801-JWL-TJJ, 2017 WL 3839416, at *11 (D. Kan. Sept. 1, 2017) ("Defendants would not be prejudiced by Doe continuing to proceed under her pseudonym in this matter because they already know her identity."); *Doe v. Barrow Cnty., Ga.*, 219 F.R.D. 189, 194 (N.D. Ga. 2003) (where the case depended on "resolution of a legal question" more than "plaintiff's credibility or recitation of facts," "the inconvenience to defendants should be relatively low" because pseudonymous plaintiff would "make himself known to the court and counsel to the defense"). As in *Barrow County*, the primary question here is constitutional rather than credibility based.

Further, Plaintiffs state they "have no objection to providing their legal names to counsel for Defendants and the Court." Dkt. No. 4 at 3. For these reasons, the Court concludes risk of prejudice to Defendants is low. The Court will order Plaintiffs provide their legal names to defense counsel and the Court under seal. *See Yocom*, 257 F.3d at 1172.

## IV. Public Interest

The Court must next "weigh the public interest in determining whether some form of anonymity is warranted." *Femedeer*, 227 F.3d at 1246 (citing *Zavaras*, 139 F.3d at 802-03). Public interest has outweighed privacy concerns where a plaintiff attacked "the constitutionality of popularly enacted legislation," *Roe v. Heil*, No. 11-CV-01983-WJM-KLM, 2011 WL 3924962, at *2 (D. Colo. Sept. 7, 2011) (citing *Femedeer*, 227 F.3d at 1246-47), or where identifying information about a party seeking to proceed pseudonymously was already in the public record, *see, e.g., Raiser*, 182 Fed. App'x at 811-12 (describing that, where a plaintiff's name was already in the public domain in connection with litigation, allowing pseudonymous litigation would be "equivalent to asking us to put jack back in the box"); *Fowler v. Stitt*, No. 22-CV-115-JWB-MTS, Dkt. No. 37 (N.D. Okla. Oct. 11, 2022).

The Tenth Circuit is clear that the public has a particularly important interest in accessing legal proceedings "attacking the constitutionality of popularly enacted legislation." *Femedeer*, 227 F.3d at 1246. Plaintiffs indeed do attack the constitutionality of popularly enacted legislation. However, they state they "do not intend to prevent the public from having access to the Court's rulings or observing the proceedings of this Court . . . but only [ask] to proceed pseudonymously to prevent disclosure of Plaintiffs' identities in public documents." Dkt. No. 4 at 3, 8.[5] Public

---

[5] The Court notes Plaintiffs say they "do not intend to prevent the public from . . . observing the proceedings of this Court under adequate protections" but do not elaborate on what "protections" they would seek. Dkt. No. 4 at 3. Standard public accessibility will apply to any and all hearings

8

interest will still be served by the open and accessible filings and proceedings within the case, and the Court does not believe allowing Plaintiffs to litigate under pseudonyms would significantly hinder the public's right to information about the ultimate legislative and constitutional questions at issue. *Cf. USD No. 237*, 2017 WL 3839416 at *11 (in suit involving sexual harassment of a minor high school student, court did not "see any benefit to the public from learning [the plaintiff's] identity and associating her with any salacious details that may come out of [the] case").

"[A] decision to allow or to deny parties to proceed anonymously must be based upon informed discretion, after taking all relevant factors into consideration." *Zavaras*, 139 F.3d at 803. As discussed, the Court has considered all relevant factors—including the importance of maintaining open court proceedings, the highly personal nature of the medical and mental health facts involved and already disclosed in public filings, the young age of the Minor Plaintiffs, the vulnerability of child litigants, Plaintiffs' exceptional circumstances, privacy and safety concerns, societal volatility, the public interest, and the balancing of Plaintiffs' and the public's competing interests—in reaching its decision. The Court finds in this case that allowing Plaintiffs to proceed pseudonymously is a reasonable exercise of its discretion.

## CONCLUSION

IT IS THEREFORE ORDERED that the motion to proceed under pseudonyms [Dkt. No. 4] is GRANTED.

IT IS FURTHER ORDERED that the parties shall confer in an attempt to agree upon the terms of a protective order and present the proposed protective order to the Court. The protective order should be tailored to maintain absolute confidentiality of any identity information that is

---

in this case unless and until Plaintiffs present specific requests to the Court, Defendants have an opportunity to respond, and the Court rules on any requested accommodations.

ultimately disclosed and to strictly limit the number of persons who are privy to that information. Within seven (7) days of entry of the protective order, Plaintiffs shall file a notice under seal disclosing their legal names to the Court and defense counsel of record.

DATED this 17th day of July 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE